UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PADMAJA CHOWDHARY, <br><br> Plaintiff, <br><br> v. <br><br> ICOT HEARING SYSTEMS, LLC d/b/a LISTENCLEAR, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO.    1:17-cv-04252 <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes PADMAJA CHOWDHARY ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ICOT HEARING SYSTEMS, LLC d/b/a LISTENCLEAR ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4.  Plaintiff is a 54 year old natural person residing in Plainfield, Illinois, which falls within the Northern District of Illinois.

5.  Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.  Defendant sells hearing aids and listening devices to consumers on a nationwide basis. Defendant's principal place of business is located at 300 Bull Street, Suite 200, Savannah, Georgia, and it regularly conducts business with consumers in Illinois.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.  In 2016, Plaintiff purchased a hearing aid from Defendant. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

10. At the time of purchase, Plaintiff made a $99.00 initial down payment to Defendant, and was then responsible to make $99.00 monthly payments thereafter. *See* Exhibit A.

11. A few months after purchasing the hearing aid from Defendant, it stopped functioning, which greatly inhibited Plaintiff's life and caused her added stress. *Id.*

12. Due to the frustration Plaintiff was experiencing with Defendant's hearing aid, she was forced to purchase a hearing device from a different company. *Id.*

13. In approximately February 2017, Plaintiff began receiving calls to her cellular phone, (630) XXX-1644 from Defendant. *Id.*

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 1644. Plaintiff is and has always been financially responsible for the cellular phone and its services.

15. The phone number that Defendant most often calls Plaintiff from is (844) 529-4327. *Id.*

16. Upon information and belief, the phone number ending in 4327 is regularly utilized by Defendant to contact consumers in Illinois during its debt collection activities.

17. Upon speaking with one of Defendant's representatives, Plaintiff has been informed that it is attempting to collect upon outstanding payments owed on the dysfunctional hearing aid which it sold her. *Id.*

18. Plaintiff informed Defendant of the fact that its hearing aid did not work properly, and she even attempted to work out a solution to have the hearing aid returned. *Id.*

19. Upon Defendant's refusal to work out a compromise with her, Plaintiff demanded that it stop contacting her. *Id.*

20. Plaintiff has told Defendant to stop contacting her on a number of occasions. *Id.*

21. Despite her multiple demands, Defendant has continued to regularly call her cellular phone up until the date of the filing of this action. *Id.*

22. Even after being told to stop contacting her, Defendant has called Plaintiff's cellular phone multiple ties during the same day. *Id.*

23. When Plaintiff answers calls from Defendant, she experiences a recorded message followed by a brief pause, before a live representative begins to speak. *Id.*

24. Plaintiff has received at least 50 phone calls from Defendant since asking it to stop calling. *Id.*

25. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights, resulting in costs and expenses.

26. Plaintiff has suffered financial loss as a result of Defendant's actions.

27. Plaintiff has been unfairly harassed by Defendant's actions.

28. Plaintiff has suffered actual harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

31. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The recorded message and brief pause that Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS is being

used. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS was being utilized.

32. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff may have given to be contacted by Defendant using an ATDS was explicitly revoked upon her numerous demands to cease contact The calls placed by Defendant to Plaintiff were regarding attempted business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, PADMAJA CHOWDHARY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

36. Defendant's attempted collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

37. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

38. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when she notified it to cease calling her on numerous occasions. After Plaintiff realized that Defendant was not willing to work out a compromise, even though it sold her a defective hearing aid, she demanded that it stop calling her. Defendant ignored Plaintiff's requests and continued to systematically place calls to her cellular phone without her consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment.

39. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Placing several calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially after being told by Plaintiff that she does not wish to be contacted.

6

40. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

41. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

42. As plead in paragraphs 24 through 28, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

43. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Defendant was notified by Plaintiff that she did not wish to be contacted. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In an unfair and deceptive manner, Defendant called Plaintiff at least 50 times and even called multiple times during the same day. This onslaught of phone calls was an attempt by Defendant to harass Plaintiff into submission. After Plaintiff first demanded that it stop calling her, Defendant had more than enough information to know that it should not continue placing phone calls to her cellular phone. However, Defendant continued to contact Plaintiff and was repeatedly told to stop calling. Defendant, in defiance of the law, still engaged in this harassing behavior, and falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, PADMAJA CHOWDHARY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 6, 2017                                                       Respectfully submitted,

s/ Nathan C. Volheim                                  s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                      Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                 Counsel for Plaintiff
Admitted in the Northern District of Illinois         Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                              Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                        900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                             Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                           (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                  (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                              thatz@sulaimanlaw.com